IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

CHARLES ROBARDS,

        Plaintiff,

vs.                                     **Case No. 09-4150-RDR**

UNITED STATES OF AMERICA,
DEPT. OF VETERANS AFFAIRS,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a medical malpractice complaint arising from his treatment at a Department of Veterans Affairs (VA) Medical Center. The United States has been substituted as a defendant for two individual defendants plaintiff originally named in his complaint. Doc. No. 32. This case is now before the court upon the United States' motion to dismiss or, in the alternative, for summary judgment. The United States contends that plaintiff's action should be dismissed as untimely under 28 U.S.C. § 2401(b), which provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . ."

The United States relies upon allegations outside of the complaint to make its motion. The court may consider such materials in a motion to dismiss for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1) without converting the

motion to a motion for summary judgment.  <u>Davis ex rel. Davis v. United States</u>, 343 F.3d 1282, 1296 (10th Cir. 2003).  Nevertheless, in considering the allegations in this case, the court has sought to determine whether there is any genuine issue of material fact relating to the timeliness of plaintiff's administrative claim.  In addition, the court has viewed the record in a light most favorable to plaintiff.

As mentioned, the United States has presented the court with a statement of facts in support of its motion and supported the statement of facts with citations to affidavits.  The court has asked plaintiff to respond to the statement of facts and warned plaintiff that the court would treat the statement of facts as correct if plaintiff did not support a contradictory version of facts with affidavits and/or other substantiation.[1]

---

[1] In that order (Doc. No. 32), the court stated:

"However, the court must advise plaintiff that the statement of facts listed in the memorandum in support of the motion to dismiss or in the alternative for summary judgment will be accepted as true unless defendant submits his own affidavits or documentary evidence contradicting the statement of facts.  The court may grant a motion for summary judgment upon the briefs presented to the court without a hearing, if the uncontroverted facts in the parties' briefs support granting the motion.  So far, nothing has been submitted by plaintiff to contradict the defendant's statement of facts.  Before deciding the motion, the court shall grant plaintiff time until June 1, 2010 to file any further response to the motion to dismiss or for summary judgment, including any factual material or affidavits rebutting the statement of facts."

Plaintiff appears pro se. His pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, plaintiff is expected to follow established court procedures in responding to motions. See Abdulhaseeb v. Calbone, 600 F.3d 1301, 1310 (10th Cir. 2010) (mandating that a pro se litigant follow procedures governing summary judgment motions).

Plaintiff's complaint makes reference to an administrative claim form which in turn alleged that plaintiff was prescribed water pills by a VA doctor at the VA Medical Center in Leavenworth, Kansas. Plaintiff alleges that the doctor failed to prescribe or administer supplements which were necessary to prevent kidney damage. Plaintiff asserts that this caused his kidneys to fail as well as additional complications in August 2005 which led to emergency treatment at the Kansas City VA Medical Center.

The United States argues that plaintiff's claim falls under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. and that this statute provides a limited waiver of sovereign immunity as long as there has been a timely administrative claim. The United States asserts that plaintiff has failed to file a timely administrative claim.

---

The court meant to say "unless plaintiff submits his own affidavits or documentary evidence" in the first sentence quoted above. We do not believe this error was confusing to plaintiff who did file a supplemental pleading in response to the court's order.

3

The United States' legal and factual contentions are not disputed by plaintiff and appear to be correct. The Federal Tort Claims Act waives sovereign immunity and permits persons who have been injured by the negligence of a government employee acting within the scope of the employee's job to sue the United States. 28 U.S.C. § 2679(b)(1). The waiver of sovereign immunity, however, is based upon the condition that a timely administrative claim be filed first with the appropriate federal agency. 28 U.S.C. § 2675(a). The administrative claim for a medical malpractice action must be presented in writing to the federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b); Bradley v. United States, 951 F.2d 268, 271 (10th Cir. 1991). A claim accrues when a claimant knows of the existence and cause of the injury. Bradley, 951 F.2d at 270; Arvayo v. United States, 766 F.2d 1416, 1419 (10th Cir. 1985); Gustavson v. United States, 655 F.2d 1034, 1036 (10th Cir. 1981).

The United States has set forth the following facts to support its motion to dismiss or, in the alternative, for summary judgment. Plaintiff was admitted to the VA Eastern Kansas Health Care System and given treatment for renal failure in October 2003. In April 2004, plaintiff was treated again for renal disease at the Kansas City VA Medical Center. At that time, plaintiff complained that his kidney malfunction was caused by water pills he had been prescribed. Plaintiff received further treatment for renal failure

4

in June 2004 at the Kansas City VA Medical Center.  Plaintiff entered the emergency department of the VA Eastern Kansas Health Care System in August 2005.  He complained of chest pain.  Still in August 2005, plaintiff had a catheterization procedure at the Kansas City VA Medical Center and later triple bypass surgery at the Kansas University Medical Center.  Plaintiff filed his first administrative tort claim with the Department of Veterans Affairs on December 28, 2007.  The administrative claim alleged kidney failure and open heart surgery as a result of the water pills prescribed for plaintiff.  Plaintiff later filed another administrative tort claim.  Both claims were denied as untimely submitted.

Plaintiff has not submitted any materials to demonstrate that the above-listed facts are incorrect.  Plaintiff has filed a pleading requesting that the individual defendants he listed in his original complaint take lie detector tests.  Doc. No. 34.  The pleading makes other assertions which are immaterial to the timeliness of plaintiff's administrative claim.  For the purposes of the United States' motion, the court must find that plaintiff failed to file an administrative claim alleging his medical malpractice claim within two years of knowing the existence and cause of his injury.  Therefore, regardless of whether plaintiff's claims of negligence are valid, the court does not have jurisdiction to hear them because the conditions for waiving the

sovereign immunity of the United States have not been met.

For these reasons, the United States' motion to dismiss is granted.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2010 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge